MEMORANDUM DECISION AND JUDGMENT ENTRY.
Appellant Andre Harris was indicted on three counts of burglary, involving two homes. Each count was accompanied by a repeat-violent-offender specification. The trial court entered a judgment of acquittal on the third count, following Harris's Crim.R. 29 motion. The jury returned a guilty verdict on the first count, but could not reach an agreement on the second count. The trial court convicted Harris on the first count and its specification and sentenced him to eight years' incarceration. Harris then pleaded guilty to the second count. The trial court convicted him of that burglary charge and specification and imposed a three-year sentence, to be served concurrently with the eight-year sentence.
In his appeal, Harris raises four assignments of error. He argues that the trial court erred in overruling his motions (1) for a mistrial, (2) to suppress evidence, and (3) for separate trials. He also contends that his conviction was against the weight of the evidence. For the reasons below, we overrule his assignments of error and affirm the trial court's judgment.
In his first assignment of error, Harris argues that his motion for a mistrial should have been granted because the state improperly used a rebuttal witness to impeach the testimony of its own witness. The record reveals that the testimony in question concerned only one of the burglary charges. The trial court acquitted Harris of that charge. Thus, we overrule Harris's first assignment because there was no prejudice resulting from the alleged error.
In his second assignment, Harris asserts that his conviction was against the weight of the evidence. In reviewing a manifest-weight issue, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice so that the conviction must be reversed and a new trial ordered.[1]
We should exercise our power to grant a new trial only when the evidence weighs heavily against the conviction.[2] The evidence in this case included the testimony of two eyewitnesses. These witnesses shared one of the two houses that Harris allegedly burglarized. One of the witnesses confronted Harris in the house during the burglary. The other witness observed him as he ran away, and on the same night after the burglary, when he peered through her window. The witnesses also saw Harris in the neighborhood after the burglary and notified the police, providing the license-plate number of the car he drove. Both witnesses identified Harris from a photographic array and identified him at trial. Having reviewed the record, we cannot conclude that the evidence weighed heavily against the conviction. Harris's second assignment is overruled.
Harris argues, in his third assignment, that the trial court erred in overruling his motion to suppress his identification because the photo array was impermissibly suggestive. Specifically, he complains that the height charts in the background of the photographs revealed that he was the shortest of the suspects. (The witnesses had described the burglar as short.) Our inquiry in this type of challenge is "whether under the `totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive. * * * The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."[3] Further, "the focus under the `totality of the circumstances' approach is the reliability of the identification, not the identification procedures."[4]
A police officer separately showed the two witnesses six photographs depicting head-and-shoulder shots of African-American males, including a photograph of Harris. The men depicted were five feet, seven inches tall, five feet, nine inches tall, six feet tall, five feet, nine inches tall, five feet, six and one-half inches tall, and five feet, five and one-half inches tall. Harris was the shortest man depicted.
One witness testified that he had observed the burglar when he confronted him in the witness's well-lit house for approximately one to several minutes. A portion of that encounter was face-to-face. The witness also saw the burglar from the side when he chased him from the house. He provided a description of the burglar. A few days later, he saw the burglar at a neighborhood bakery and called the police. The witness was shown a photo array and identified the photograph of Harris as the one depicting the burglar. The witness testified that when he looked at the photographs, he did not look at the heights of the individuals.
The other witness observed the burglar running from her home. She saw him three hours later peering through her window. She saw him on a later date in the neighborhood and called the police. A police officer showed her a photo array, and she chose the photograph of Harris as the one depicting the burglar. She testified that she had not noticed the height designations in the photographs because she was "pretty intent" on looking at the faces depicted in the photographs. Under the totality of the above circumstances, we cannot say that the identification of Harris as the burglar was unreliable.
In his last assignment, Harris claims that he was prejudiced by the trial court's denial of his motion for separate trials on the three counts. To prevail on this claim, Harris must affirmatively demonstrate that (1) his rights were prejudiced by the failure to sever, (2) he provided the court sufficient information to allow it to weigh the benefits of joinder against his right to a fair trial, and (3) the trial court abused its discretion by refusing to sever the charges for trial given the information it had been provided.[5] We cannot conclude that Harris met his burden where the jury determined that Harris was guilty of only one of the counts of burglary.
Therefore, we affirm the judgment of the trial court.
Accordingly, the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
Sundermann and Winkler, JJ., concur.
To the Clerk: Enter upon the Journal of the Court on May 28, 1999, per order of the Court _______________________________. Presiding Judge
[1] State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720-721.
[2] See State v. Martin, supra.
[3] State v. Davie (1997), 80 Ohio St.3d 311, 321,686 N.E.2d 245, 257, quoting Neil v. Biggers (1972),409 U.S. 188, 199-200, 93 S.Ct. 375, 382.
[4] Id., quoting State v. Jells (1990),53 Ohio St.3d 22, 27, 559 N.E.2d 464, 470.
[5] See State v. Schaim (1992), 65 Ohio St.3d 51, 59,600 N.E.2d 661, 668.